NOT DESIGNATED FOR PUBLICATION

No. 121,995

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONGLIANG FAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; DOUGLAS P. JONES, magistrate judge. Opinion filed August 21, 2020. Affirmed.

*Jonathan B. Phelps*, of Phelps-Chartered, of Topeka, for appellant.

*Ashley McGee*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and POWELL, JJ.

PER CURIAM:  Dongliang Fan is an over-the-road trucker who was convicted in a bench trial in Lyon County District Court of making an improper right turn as he drove his tractor trailer out of the parking lot of a service station onto Highway 50. On appeal, Fan challenges the sufficiency of the evidence to support the conviction. That is a formidable hurdle to clear. Given our limited scope of review, we find the testimony of the Kansas Highway Patrol trooper who cited Fan was sufficient and, therefore, affirm the district court's decision.

About 7:45 a.m. on June 4, 2019, Fan departed the service station and turned eastbound on Highway 50. As we understand the evidence, the highway has two eastbound lanes, two westbound lanes, and a lane in between for making left-hand turns. Trooper Eric Hodges was traveling in his patrol car in the eastbound lane nearer the center of the highway. Hodges saw Fan pull out of the service drive and turn wide as he, too, headed east, crossing from the right lane nearer the curb to the outer lane—putting the tractor trailer directly in front of the patrol car.

Hodges pulled Fan over and issued him a citation for an improper right turn in violation of K.S.A. 8-1545(a)(1). In pertinent part, the statute provides: "Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway." K.S.A. 8-1545(a)(1). Fan pleaded not guilty, and the district court conducted a bench trial on August 29, 2019.

Hodges testified that Fan did not turn as close as he could have to the right side of Highway 50 and nothing prevented him from navigating the tractor trailer into the curb lane rather than spilling over to the outer lane. He also testified Fan did not signal any sort of movement to the outer lane. Representing himself in the district court, Fan testified that he was driving the rig and made the turn. Contrary to Hodges' account, Fan said there was a car in the curb lane that obstructed him from turning cleanly into that lane and he signaled as he moved from the curb lane to the outer eastbound lane.

The district court found Fan guilty and fined him $75 plus court costs for violating K.S.A. 8-1545(a)(1). Fan has appealed.

Represented by a lawyer here, Fan has challenged the sufficiency of the evidence supporting his conviction for the traffic offense. In reviewing a sufficiency challenge, we construe the evidence in a light most favorable to the party prevailing below, here the State, and in support of the verdict or judgment. An appellate court will neither reweigh

2

the evidence generally nor make credibility determinations specifically. *State v. Jenkins*, 308 Kan. 545, Syl. ¶ 1, 422 P.3d 72 (2018); *State v. Butler*, 307 Kan. 831, 844-45, 416 P.3d 116 (2018); *State v. Pham*, 281 Kan. 1227, 1252, 136 P.3d 919 (2006). The issue for review is simply whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *Butler*, 307 Kan. at 844-45; *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014).

In finding Fan guilty, the district court necessarily made a credibility finding favoring the testimony of Hodges over the testimony of Fan. Given the standard of review, we are not in a position to question the district court's determination on that score. The district court had the opportunity to observe both Hodges and Fan as they testified and responded to questions on cross-examination. That is a compelling perspective from which to assess credibility. See *State v. Franco*, 49 Kan. App. 2d 924, 936, 319 P.3d 551 (2014) (describing in-court testimony as a "crucible" separating the mistaken or prevaricating witness, on the one hand, from the honest and accurate, on the other). And that assessment depends in no small part on the fact-finder's ability to watch and listen to the witnesses as they testify, particularly on cross-examination. Those tools are lost to appellate courts reviewing a transcript, so we do not presume to second-guess credibility determinations. 49 Kan. App. 2d at 936-37.

But Fan's point on appeal depends upon crediting his account of the turn onto Highway 50, since Hodges' account establishes a violation of K.S.A. 8-1545(a)(1). So Fan is effectively asking us to reweigh the evidence and to disregard the district court's credibility findings. We cannot oblige him. Taking the evidence in a light favoring the State, as we must, there was sufficient evidence to support the district court's conclusion that Fan violated K.S.A. 8-1545(a)(1).

Affirmed.